1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9   J & J Sports Productions, Inc.,          )   No. CV-12-00548-TUC-RCC (HCE)
                                             )
10              Plaintiff,                    )   **REPORT AND RECOMMENDATION**
                                             )
11  v.                                        )
                                             )
12  Etelberto Gonzalez Vega and Carmen)
    Barbuzon Vega, individually and d//b/a)
13  Mariscos 7 Mares Restaurant & Bar a/k/a)
    M7M Mariscos 7 Mares,                     )
14                                            )
              Defendants.                     )
15                                            )
                                             )
16  _____)

17

18        At issue is Plaintiff's Notice of Application and Application for Default Judgment by

19  the Court ("Pl.'s Application") (Doc. 16).  Plaintiff has supported the Application with a

20  Memorandum of Points and Authorities ("Pl.'s Mem.") (Doc. 16-1).  This matter has been

21  referred to the Magistrate Judge for a Report and Recommendation.  (Doc. 9).

22  **I.     Background**

23        Plaintiff J & J Sports Productions, Inc., a California corporation, was granted the

24  exclusive nationwide commercial distribution (closed-circuit) rights to *"Fight of the Year:*

25  *The Rematch!": Juan Manuel Marquez v. Juan Diaz, Championship Fight Program*, that was

26  telecast on July 31, 2010 ("Program").  (Doc. 1, Compl. ¶¶ 6, 18).  Plaintiff's exclusive

27  distribution rights included all under-card bouts and fight commentary encompassed in the

28  television broadcast of the Program. (*Id.* ¶ 18).  Plaintiff entered into sublicensing agreements

1   with various entities in North America, including within the State of Arizona, affording them

2   rights to publicly exhibit the Program at their commercial establishments, such as hotels,

3   casinos, bars, taverns, restaurants, social clubs, etc. (*Id.* ¶ 19).   Although not authorized

4   pursuant to any agreement with Plaintiff, Defendants, through the direct or indirect actions

5   of their employees or agents, intercepted and displayed the Program during its broadcast at

6   their establishment, the Mariscos 7 Mares Restaurant & Bar, in Nogales, Arizona.  (*Id.* ¶¶ 21-

7   22; Doc. 16-3, Affiant Decl.).   Plaintiff's Affiant investigator reported that the Mariscos 7

8   Mares Restaurant & Bar has the capacity for 130 patrons and that between 52 and 63 patrons

9   were present at the time of the broadcast. (Affiant Decl.).

10          Plaintiff has asserted claims based on a violation of the Federal Communications Act

11   of 1934, as amended, 47 U.S.C. § 605 (Count I), a violation of the Cable & Television

12   Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553 (Count II),

13   and for   conversion under Arizona law (Count III).   (Compl. ¶¶ 1, 17-34).   Plaintiff's

14   Complaint seeks $110,000 in statutory damages as to Count I, $60,000 in damages as to Count

15   II, compensatory and punitive damages in unspecified amounts as to Count III, attorneys' fees

16   and costs.  (Compl. at pp. 8-9).

17          Plaintiff filed the Complaint on July 23, 2012.  (Doc. 1).  Defendants were served with

18   the summons and complaint on August 29, 2012.  (Doc. 11-12).  Defendants have not filed

19   an Answer or otherwise responded to the Complaint and the time for doing so has expired.

20   A Clerk's Entry of Default was entered on November 19, 2012.  (Doc. 14).  Plaintiff filed the

21   Application for Default Judgment on June 28, 2013.  (Doc. 16).  Defendants have not filed

22   a response. Jurisdiction is based on federal question and supplemental jurisdiction. 28 U.S.C.

23   §§ 1331, 1367.  (Compl. ¶ 2).

24   **II.      Discussion**

25          The court in its discretion may grant default judgment against a party after the clerk

26   has entered default.  Rule 55(b)(2), Federal Rules of Civil Procedure.  *See Aldabe v. Aldabe*,

27   616 F.2d 1089, 1092 (9th Cir. 1980).  The well-pleaded factual allegations of the complaint

28

1 are taken as true except those relating to the amount of damages. *DIRECTV, Inc. v. Hoa*
2 *Huynh*, 503 F.3d 847, 851 (9th Cir. 2007).

3        Plaintiff seeks liability and damages based on its § 605 and conversion claims only.
4 (Pl.'s Mem. at 3).[1]  Plaintiff's Application is supported by sworn Declarations of the amount
5 due.  (Doc. 16-4, Riley Supplemental Decl.; Doc. 17, Gagliardi Aff.).  Plaintiff asserts that
6 Defendants are repeat offenders and has requested  $110,000 in enhanced statutory damages
7 based on its § 605 claim and $1,600 in damages based on the conversion claim.  (Doc. 16-4,
8 Riley Supplemental Decl. ¶¶ 4-7 & Ex. 1, *Joe Hand Promotions Inc. v. Etelberto Gonzalez*
9 *Vega individually and d/b/a Mariscos 7 Mares a/k/a M7M Mariscos 7 Mares et al.*, No. 4:12-
10 cv-00447-TUC-RCC (docket sheet) ("*Joe Hand Promotions*")).

11        To establish a § 605 violation, the plaintiff must show that the defendant (1)
12 intercepted and (2) "divulged or published . . . a communication transmitted by" plaintiff.
13 *Nat'l Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981).  The aggrieved
14 party may be awarded statutory damages for each violation in a sum not less than $1,000 or
15 more than $10,000, "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II).  The award
16 of actual or statutory damages may be increased by an amount of not more than $100,000 for
17 each violation if the violation "was committed willfully and for purposes of direct or indirect
18 commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).  To prevail on
19 a conversion claim, the plaintiff must demonstrate "an act of wrongful dominion or control
20 over personal property in denial of or inconsistent with the rights of another."  *Dayka &*
21 *Hackett, LLC v. Del Monte Fresh Produce N.A., Inc.*, 269 P.3d 709, 715 (Ariz. App. 2012).
22        Defendants have defaulted and therefore have admitted that they published the
23 Program to their customers and that they acted "willfully and for purposes of direct and/or
24 indirect commercial advantage and/or private financial gain."  (Compl. ¶ 22).  The Court has

25

26
27        [1]  Plaintiff states that because Defendants defaulted, it cannot isolate Defendants'
precise method of interception, such as signal transmission.  (Pl.'s Mem. at 3).

28

1 considered the Affidavit provided by Plaintiff's President Joseph M. Gagliardi who states that
2 the company noticed an erosion in sales and retained auditors and investigators at
3 considerable expense to detect and identify signal pirates. (Doc. 17, Gagliardi Aff. ¶¶ 4-6).
4 In requesting an award of the maximum statutory amount, Affiant Gagliardi has asked the
5 Court to note that signal pirates do not generally advertise that they intend to exhibit
6 Plaintiff's programming and that it is unlikely that a pirate establishment would increase the
7 costs of food or drink or charge a cover or door charge regarding the programming. (*Id*. ¶¶ 15-
8 17).

9          The circumstances show that Defendants displayed the Program on three television sets
10 to between 52 and 63 patrons.  (Affiant Decl.).  The record does not contain any information
11 regarding the financial gain to Defendants.  There has been no determination of Defendants'
12 liability in the *Joe Hand Promotions* case as would indicate that Defendants are repeat
13 offenders. The Magistrate Judge recommends a maximum award of $10,000 for the violation
14 under § 605(e)(3)(C)(i)(II).  The maximum enhancement of $100,000 is not warranted under
15 the circumstances.  However, an additional $1,000 enhancement under § 605(e)(3)(C)(ii) is
16 appropriate.  The total damages award of $11,000 under § 605 will serve as a sufficient
17 deterrent against future violations.

18          Plaintiff has demonstrated that the Program could have been purchased for $1,600 by
19 an establishment with 101 to 200 in minimum seating. (Doc. 17, Gagliardi Aff. ¶ 8, Ex. 1).
20 The Magistrate Judge therefore recommends an award of $1,600 to Plaintiff on its conversion
21 claim.

22          Plaintiff additionally seeks recovery of its attorneys' fees and costs as authorized under
23 47 U.S.C. § 605.  (Pl.'s Application ¶ 6; Pl.'s Mem. at 14).  Plaintiff's request for costs and
24 fees may be filed as allowed under appropriate authority.

25 **III.      Recommendation**

26          It is recommended that Plaintiff's Application for Default Judgment by the Court (Doc.
27 16) should be granted.  It is further recommended that Plaintiff should be awarded $10,000

28

1 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $1,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii),

2 and $1,600 for conversion. Plaintiff's request for costs and fees may be filed as allowed under

3 appropriate authority.

4     Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil

5 Procedure, any party may serve and file written objections within fourteen (14) days after

6 being served with a copy of this Report and Recommendation. *See also* LRCiv 7.2(e) (setting

7 forth page limit for objections). A party may respond to another party's objections within

8 fourteen (14) days after being served with a copy. Fed.R.Civ.P. 72(b)(2).

9     Failure to file timely objections to any factual or legal determination of the Magistrate

10 Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See*

11 *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 540

12 U.S. 900 (2003).

13     DATED this 5th day of November, 2013.

_____
Héctor C. Estrada
United States Magistrate Judge

- 5 -